**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DORIS DEBERRY | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO._____ |
| | § | JURY REQUESTED |
| STATE FARM LLOYDS | § | |
|     Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant STATE FARM LLOYDS (hereinafter, "State Farm") files this Notice of Removal of the present action from the 334th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.   In connection with this Notice of Removal, State Farm would respectfully show unto the Court as follows:

### PROCEDURAL BACKGROUND

1.    Plaintiff Doris Deberry filed this action on July 8, 2015 against State Farm in the 334th Judicial District Court of Harris County, Texas. That case was docketed under cause number 2015-39079 (the "State Court Action").

2.    Plaintiff served State Farm with process on July 29, 2015.  State Farm filed its Answer on August 19, 2015.

3.    State Farm files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 334th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

4.      Plaintiff's Original Petition filed in the State Court Action included a jury demand.

## NATURE OF THE SUIT

5.      This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiff's claim for damages allegedly caused by a hail and/or wind storm occurring on or about August 11, 2014.  *See* Petition at ¶ 5.

6.      Plaintiff reported her claim on or about January 21, 2015.  State Farm timely inspected and re-inspected the insured real property and thereafter concluded the observed and covered damage did not exceed Plaintiff's deductible.  Accordingly, State Farm did not issue a payment.

7.      Plaintiff asserts causes of action against State Farm for, among others, breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the DTPA, negligence, breach of fiduciary duty, and breach of the duty of good faith and fair dealing.

## BASIS FOR REMOVAL

8.      The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there was and is complete diversity between all real parties in interest and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir.2008); *see also, e.g., See Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members); *Griggs v. State Farm Lloyds,* 181 F.3d 694,

698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Alonzo v. State Farm Lloyds,* No. SA-06-SA-0326-XR, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (State Farm Lloyds held to be diverse from Texas plaintiffs); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same); *Rappaport v. State Farm Lloyds,* No. 3:97-CV-2747, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

10.     State Farm is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code. At the time this action commenced, State Farm was, and still is, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. Accordingly, State Farm is not a citizen of the State of Texas. *See* Verification below.

11.     Plaintiff's Petition expressly alleges damages in excess of $100,000 satisfying the "amount in controversy" requirement of 28 U.S.C. § 1332(a). *See* Petition at ¶ 69.

12.     Plaintiff filed this action in Harris County, Texas. The Houston Division of the Southern District of Texas encompasses Harris County, Texas. *See* 28 U.S.C. § 124(b)(2). Thus, venue is proper because this district and division embrace the place where the state court action is pending. *See* 28 U.S.C. § 1441(a).

13.     All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.

14.     A copy of this Notice of Removal will be filed with the Harris County District Clerk's office and served on the Plaintiff promptly. *See* 28 U.S.C. § 1446(d).

## PRAYER

State Farm respectfully requests that the above-styled action now pending in the 334th Judicial District Court of Harris County, Texas be removed to this Honorable Court pursuant to the Court's diversity jurisdiction.  State Farm further prays that upon final trial, judgment be rendered such that Plaintiff takes nothing by her suit against State Farm.  State Farm additionally asks for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
Dale M. "Rett" Holidy
State Bar No. 00792937
Federal I.D. No. 21382
Three Allen Center
333 Clay Street
Houston, Texas 77002
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
Email: rholidy@germer.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**

**GERMER PLLC**
Gregory M. Howard
State Bar No. 24042989
Federal I.D. No. 619850
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
Email: ghoward@germer.com

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that a true and correct copy of the foregoing instrument has been duly sent via CM/ECF on August 24, 2015 to all counsel of record, as follows:

    Bill L. Voss       <u>**VIA FAX AND CM/RRR**</u>
    bill.voss@vosslawfirm.com
    Scott G. Hunziker
    scott@vosslawfirm.com
    Clayton Hardin
    clayton@vosslawfirm.com
    THE VOSS LAW FIRM, P.C.
    26619 Interstate 45 South
    The Woodlands, Texas 77380


             _____
             Dale M. "Rett" Holidy

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DORIS DEBERRY** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY REQUESTED** |
| **STATE FARM LLOYDS** | § | |
|     **Defendant.** | § | |

## VERIFICATION

| | |
|---|---|
| **THE STATE OF ILLINOIS** | § |
| | § |
| **COUNTY OF McLEAN** | § |

BEFORE ME, the undersigned authority, on this day personally appeared Jim Larson, who, being first duly sworn by me, did depose and state as follows:

"My name is Jim Larson. I am over the age of eighteen (18) years and fully competent to make this verification.

I am an Assistant Secretary – Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), an attorney-in-fact for State Farm Lloyds. I am also an Assistant Vice President – Accounting of State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). As part of my job duties for State Farm Mutual, I oversee a department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds. As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information.

I have read paragraph 10 of Defendant State Farm Lloyds's Notice of Removal and declare that all the facts contained therein are true and correct."

                                             _____
                                             Jim Larson

SWORN AND SUBSCRIBED TO before me on August 19, 2015.

                                             Karen Hamilton
                                             Notary Public in and for the
                                             State of Illinois

      **OFFICIAL SEAL**
      Karen Hamilton
  NOTARY PUBLIC - STATE OF ILLINOIS
  My Commission Expires: 01/07/2018

## EXHIBIT A

### LIST OF ATTORNEYS/PARTIES

1.     Bill L. Voss
       Scott G. Hunziker
       Clayton Hardin
       THE VOSS LAW FIRM, P.C.
       26619 Interstate 45 South
       The Woodlands, Texas 77380
       Telephone:  (713) 861-0015
       Facsimile:  (713) 861-0021

*Attorneys for Plaintiff*

2.     Dale M. "Rett" Holidy
       Gregory M. Howard
       GERMER PLLC
       Three Allen Center
       333 Clay Street
       Houston, Texas 77002
       Telephone: (713) 650-1313
       Facsimile: (713) 739-7420

*Attorneys for Defendant*

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### DORIS DEBERRY V. STATE FARM LLOYDS

(a)    Plaintiff's Original Petition and Jury Demand;
(b)    Citation on Defendant;
(c)    Defendant's Answer & Special Exceptions to Plaintiff's Original Petition; and
(d)    Docket/Case Summary Sheet.

7/8/2015 12:04:57 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5978120
By: Sherryl Dewalt
Filed: 7/8/2015 12:04:57 PM

# 2015-39079 / Court: 334

### CAUSE NO. _____

| | | |
|---|---|---|
| **DORIS DEBERRY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Doris DeBerry** (hereinafter "Plaintiff"), and complains of State Farm

Lloyds (hereinafter "Defendant"). In support of her claims and causes of action, Plaintiff would

respectfully show the Court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of

the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and

Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional

limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to

this suit occurred within the city of Houston, in Harris County, Texas.

### PARTIES

3. Plaintiff, Doris DeBerry, is an individual whose residence is located in Houston,

Harris County, Texas.

---

*Exhibit A*

4.     Defendant, State Farm Lloyds, is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Defendant may be served with Citation and a copy of this Petition, by serving it through its agent, Corporation Service Company, at its principal address, 211 E 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

### BACKGROUND

5.     This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 7818 Candlegreen Lane, Houston, Texas 77071, (the "Property"). In addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly investigating the extensive losses associated with this case.

6.     Plaintiff owns the Property.

7.     Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Defendant to cover the Property at issue in this case for a loss due to storm-related events.  Plaintiff's Property suffered storm-related damage. Through her residential policy, 53-BX-Z073-9, Plaintiff was objectively insured for the subject loss by Defendant.

8.     On or around August 11, 2014, the Property suffered incredible damage due to storm related conditions.

9.     In the aftermath, Plaintiff relied on Defendant to help begin the rebuilding process.  By and through her residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10. Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, her residential policy covered Plaintiff during the time period in question.

11. Despite Plaintiff's efforts, Defendant continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12. Moreover, Defendant has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13. In the months following, Plaintiff provided information to Defendant, as well as provided opportunities for Defendant to inspect the Property. However, Defendant failed to conduct a fair investigation into the damage to the Property. Moreover, Defendant failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14. Despite Defendant's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendant. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Defendant failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15. Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Defendant has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.

Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Defendant has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner.

17.     Defendant has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Defendant that failed to conduct a reasonable investigation. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Defendant has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Defendant. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, Defendant has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment with Defendant.

## CLAIMS AGAINST DEFENDANT

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## A.
## NEGLIGENCE

24. Defendant had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Defendant breached this duty in a number of ways, including but not limited to the following:

> a. Defendant was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;
>
> b. Defendant had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or
>
> c. Defendant failed to properly complete all adjusting activities associated with Plaintiff.

25. Defendant's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## B.
## BREACH OF CONTRACT

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. According to the policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Defendant's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. Defendant collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;
>
> b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;
>
> c. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into

---

PLAINTIFF DORIS DEBERRY'S ORIGINAL PETITION                                                Page 6

which the consumer would not have entered had such information been disclosed;

d.  Using or employing an act or practice in violation of the Texas Insurance Code;

e.  Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.  Failure to properly investigate Plaintiff's claim; and/or

g.  Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and/or denying Plaintiff's damage claim.

32.  As described in this Original Petition, Defendant represented to Plaintiff that her insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.  As described in this Original Petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.  By representing that Defendant would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Defendant has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.  Defendant has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Defendant to her detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

40.     As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her

costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.    Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.    Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).    Specifically, Defendant engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

> a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;
>
> b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;
>
> c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;
>
> d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;
>
> e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or
>
> f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.     Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Defendant, and Plaintiff relied upon these unfair or deceptive acts or practices by Defendant to her detriment. Accordingly, Defendant became the insurer of Plaintiff.

44.     As a direct and proximate result of Defendant's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

46.     As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

## E.
# BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendant knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Defendant is a proximate cause of Plaintiff's damages.

## F.
# BREACH OF FIDUCIARY DUTY

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Defendant owed a duty of good faith and fair dealing to Plaintiff. Defendant breached that fiduciary in that:

    a.      The transaction was not fair and equitable to Plaintiff;

    b.      Defendant did not make reasonable use of the confidence that Plaintiff
            placed upon it;

c.  Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d.  Defendant did not place the interests of Plaintiff before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e.  Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.  Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.  Defendant is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Defendant's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.  Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.  Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.  Such violations include, without limitation, all the conduct described in this Original Petition, plus Defendant's failure to properly investigate Plaintiff's claim. Plaintiff also includes Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Defendant's failure to pay for the proper repair of Plaintiff's Property, as to which Defendant's liability had become reasonably clear.

56.  Additional violations include Defendant's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes

Defendant's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendant's misrepresentations of coverage under the subject insurance policy. Specifically, Defendant is also guilty of the following unfair insurance practices:

a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

b. Engaging in unfair claims settlement practices;

c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims as to which Defendant's liability had become reasonably clear;

e. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

f. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57. Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## II.
## MISREPRESENTATION

58. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.     Defendant is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendant did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that Defendant perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in her injuries and damages. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Defendant fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which she now sues.

64.     Plaintiff further alleges that because Defendant knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendant, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Defendant in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all

operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.    In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.    Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

74.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

1.    Please produce Defendant's complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.    Please produce certified copy of the insurance policy pertaining to the claim involved in this suit.

4.     Please produce the electronic diary, including the electronic and paper notes made by Defendant's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Defendant intend to offer these items into evidence at trial.

## INTERROGATORIES

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

1.     Please identify any person Defendant expect to call to testify at the time of trial.

2.     Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.     If Defendant or Defendant's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Defendant or any of Defendant's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Defendant's investigation.

5.     Please state the following concerning notice of claim and timing of payment:

    a.     The date and manner in which Defendant received notice of the claim;

b. The date and manner in which Defendant acknowledged receipt of the claim;

c. The date and manner in which Defendant commenced investigation of the claim;

d. The date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and

e. The date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Defendant anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Defendant's document retention policy.

10. Does Defendant contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Defendant contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Defendant contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State the following:

a. what performance measures are used; and

b. describe Defendant's bonus or incentive plan for adjusters.

## CONCLUSION

76.     Plaintiff prays that judgment be entered against Defendant Lloyds, and that

Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest,

additional statutory damages, post judgment interest, reasonable and necessary attorney fees,

court costs and for all such other relief, general or specific, in law or in equity, whether pled or

un-pled within this Original Petition.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such

relief to which she is due as a result of the acts of Defendant Lloyds, and for all such other relief

to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*//s/ Clayton Hardin*
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Clayton Hardin
State Bar No. 24090144
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
clayton@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**





CERTIFIED MAIL

7015 1520 0003 4718 9779

State Farm Lloyds
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701

Compass Claims
26519 Interstate 45
Suite 102B
The Woodlands, TX 77380



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
**Transmittal Number: 14069219**
**Date Processed: 07/29/2015**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number 3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Doris Deberry vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2015-39079 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/29/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Clayton Hardin<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

PLAINTIFF: DEBERRY, DORIS
  vs.
DEFENDANT: STATE FARM LLOYDS

In The  334th
Judicial District Court
of Harris County, Texas
334TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING IT THROUGH ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY
OR WHEREVER IT MAY BE FOUND
211 E 7TH STREET SUITE 620  AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 8th day of July, 2015, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
   This citation was issued on 8th day of July, 2015, under my hand and
seal of said Court.

Issued at request of:
HARDIN, CLAYTON DANIEL
26619 INTERSTATE 45 SOUTH
THE WOODLANDS TX 77380
Tel: (713) 861-0015
Bar No.: 24090144

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline     Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: DEWALT, SHERRYL   DBK//10139311

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 4:00 o'clock P .M., on the 24th day of July , 2015

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____         copy(ies) of the
                                          Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

                                         _____ of _____ County, Texas

                               By _____
_____
      Affiant                                                 Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
          Notary Public

8/19/2015 12:08:57 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6560660
By: DAVIA FORD
Filed: 8/19/2015 12:08:57 PM

## CAUSE NO. 2015-39079

| | | |
|---|---|---|
| **DORIS DEBERRY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **334TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant STATE FARM LLOYDS (hereinafter, "State Farm") files its Original Answer and Special Exceptions to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemented petitions filed against them, and show as follows:

### I.
### GENERAL DENIAL

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition and any amendments and supplements thereto and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition and any amendments and supplements thereto by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions**.  Under the policy made the basis of this suit, Plaintiff has the burden to prove damage(s) resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  To the extent applicable, Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period. State Farm would further show that, to the extent applicable, it has fully complied with all provisions, terms, and conditions set forth in the policy

**3.**    **Payment**.  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the policy in connection with the damages and the insurance claim, that give rise to Plaintiff's claims in this lawsuit.

**4.**    **Deductible/Offset**.  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

**5.**    **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

**6.**    **Failure of Policy Conditions/Conditions Precedent.**  State Farm hereby asserts all conditions of the policy at issue, including, but not limited to, all terms, deductibles, limitations on coverage, exclusions set out in the policy, and all "duties after loss."  To the extent applicable and by way of example only, State Farm would show that Plaintiff has failed to satisfy the conditions of the policy requiring Plaintiff to protect the property from further damage, which reads as follows:

**SECTION I – CONDITIONS**

\* \* \* \* \*

2.    **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.    give immediate notice to us or our agent…

b.    protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\* \* \* \* \*

d.    as often as we reasonably require:

2

     (1)     exhibit the damaged property;

     (2)     provide us with records and documents we request and permit us to make copies;

Plaintiff failed to comply with these conditions precedent because he failed to report the claim made the basis of this lawsuit until on or about January 21, 2015, nearly five months after the August 11, 2014 date of loss.  This delay in reporting Plaintiff's claim is unreasonable and prejudiced State Farm's investigations of her claim.  Based on the limited information available at the time Plaintiff submitted her claim, on information and belief, Plaintiff failed to protect the property from further damage during the considerable delay between when Plaintiff alleges the damage occurred and when Plaintiff submitted her claim nearly five months later.  In addition, Plaintiff failed to properly maintain and repair her weathered and worn roofing system when it required repair.  Further, it appears additional damages may have occurred or arisen after State Farm's initial inspection, without any indication such damage occurred as a result of the wind or hail event reported in connection with this date of loss.  Plaintiff cannot recover, in whole or in part, on Plaintiff's breach of contract cause of action and, consequently, on all of the other causes of action alleged in Plaintiff's Original Petition, because of Plaintiff's failure to satisfy the conditions precedent contained in the policy at issue.

     **7.**     **Pre-Existing Damages**.  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, pre-existed the alleged occurrence of hail, wind, or wind-driven rain.

     **8.**     **Normal Wear and Tear/Rot.**  State Farm would further show that the policy made the basis of this suit contains terms and conditions expressly excluding the coverage sought by Plaintiff.  By way of example only, Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were

proximately caused in whole or in part by normal wear and tear and/or rot.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

                              *  *  *  *  *

    g.     wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    h.     corrosion, electrolysis or rust;

    i.     mold, fungus or wet or dry rot;

                              *  *  *  *  *

    l.     settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

                              *  *  *  *  *

Plaintiff has claimed roof, structural, and/or exterior damage that resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including, but not limited to, wear, tear, wet or dry rot, cracking, and/or shrinking over time, which conditions are specifically excluded under the policy at issue.

**9.     Neglect/Maintenance**.  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused, in whole or in part, by neglect.  The policy at issue specifically provides:

4

## SECTION I – LOSSES NOT INSURED

2.     We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs

*  *  *  *  *

d.     **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

3.     We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

*  *  *  *  *

b.     defect, weakness, inadequacy, fault or unsoundness in:

*  *  *  *  *

(1)     planning, zoning, development, surveying, siting;

(2)     design, specification, workmanship, construction, grading, compaction;

(3)     materials used in construction or repair; or

(4)     maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises;

c.     weather conditions.

However, we do insure for any resulting loss from items a., b., and c. unless the resulting loss is itself a Loss Not Insured by the Section.

In the Petition, Plaintiff appears to claim roof, structural, and/or exterior damage that resulted, in whole or in part, from neglect and/or is a product of maintenance, which conditions are specifically excluded under the policy at issue.

**10.    Bona Fide/Legitimate Dispute**.  A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**11.    Cap on Punitive Damages**.  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**12.    Chapter 38 Attorney's Fees**.  Plaintiff cannot recover attorney's fees from State Farm under Chapter 38 of the Texas Civil Practice and Remedies Code.  "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."  TEX. CIV. PRAC. & REM. CODE § 38.001(8).  Chapter 38 does not apply to State Farm because it is an unincorporated association of underwriters. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

**13.    Failure to State a Recoverable Claim**.  Plaintiff's negligence claim is barred by the economic loss rule.

### III.
### SPECIAL EXCEPTIONS

**14.     Failure to Set Forth Specific Claims/Facts – Breach of Contract**.  State Farm specially excepts to Plaintiff's Original Petition because the vague and indefinite breach of contract claim fails to provide fair notice of: (1) the facts of the loss or losses allegedly sustained by Plaintiff; (2) the facts showing Plaintiff's alleged loss or losses were covered under the terms of the policy at issue; and (3) the acts and/or omissions by State Farm which allegedly amount to a breach of State Farm's contractual obligations, if any, to Plaintiff. *See Subia v. Texas Dep't of Human Serv.,* 750 S.W.2d 827, 829 (Tex. App. — El Paso 1988, no writ) (trial court can order the plaintiffs to specifically plead a cause of action which was originally pleaded in general terms).  Accordingly, Plaintiff should be required to amend her claim for breach of contract and state with particularity: (1) facts supporting the alleged loss; (2) facts demonstrating the portion of the loss covered by the contract of insurance in question; (3) facts of the acts and/or omissions by State Farm which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for State Farm's alleged breach of contract.

**15.     Failure to Identify the Date the Breach of Contract Occurred**.  State Farm specially excepts to Plaintiff's Original Petition in its entirety because it is impermissibly vague in that it fails to set forth the date the alleged breach of contract occurred.  Therefore, Plaintiff should be required to file an amended pleading setting forth the date the alleged breach of contract occurred.

**16.     Failure to Set Forth Specific Claims/Facts – Breach of Duty of Good Faith and Fair Dealing**.  State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims for breach of the duty of good faith and fair dealing set

forth therein fail to give State Farm fair notice of the bad faith claims, if any, against it.  Plaintiff has failed to give fair and adequate notice of facts and evidence upon which she bases such claims.  Plaintiff should be required to file an amended pleading setting forth facts to support her claims for bad faith.

17.     **Failure to Set Forth Specific Claims/Facts — Chapter 541 of the Texas Insurance Code.**  State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Chapters 541 and 542 of the Texas Insurance Code are deficient.  Specifically, Plaintiff has failed to provide proper and timely notice of her intent to seek damages under the Texas Insurance Code.  Moreover, Plaintiff failed to give State Farm fair notice of the facts and circumstances supporting the alleged Insurance Code violations. *See Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for State Farm's alleged violations of Chapters 541 and 542 of the Texas Insurance Code, as well as damages related thereto.

18.     **Failure to Set Forth Specific Claims/Facts — Texas Deceptive Trade Practices Act.**  State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of the DTPA are inadequate.  Specifically, Plaintiff has failed to provide proper and timely notice of her intent to seek damages under the DTPA.  Moreover, Plaintiff failed to give State Farm fair notice of the facts and circumstances supporting the alleged DTPA violations. *See Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to

support her claims for State Farm alleged violations of the DTPA, as well as damages related thereto.

**19.    Failure to Set Forth Specific Claims/Facts – Breach of Fiduciary Duty**.  State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims for breach of fiduciary duty set forth therein fail to give State Farm fair notice of such claim.  Plaintiff has failed to give fair and adequate notice of facts and evidence upon which she bases such claims.  Plaintiff should be required to file an amended pleading setting forth facts to support her claims for bad faith.

**20.    Failure to Set Forth Specific Claims/Facts – Fraud/Misrepresentation**.  State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims for fraud and misrepresentation set forth therein fail to give State Farm fair notice of such claims.  Plaintiff has failed to give fair and adequate notice of facts and evidence upon which she bases such claims.  Plaintiff should be required to file an amended pleading setting forth facts to support her claims for bad faith.

**21.    Failure to Set Forth Specific Claims/Facts — Plaintiff's Claims for Knowing and/or Intentional Conduct**. State Farm specially excepts to Plaintiff's Original Petition because Plaintiff failed to provide facts to support her allegation State Farm acted wrongfully with knowledge and intent to cause harm. Pleading sufficient facts is necessary to inform State Farm of what it is called upon to answer and to enable State Farm to prepare its defense. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for knowing and/or intentional conduct, as well as alleged damage related thereto.

**21.     Failure to Set Forth Specific Claims/Facts – Plaintiff's Claim for Attorney's Fees for Breach of Contract.** State Farm specially excepts to Plaintiff's Original Petition because Plaintiff has failed to provide a statutory basis for seeking attorney's fees against State Farm.  Further, Plaintiff has failed to provide sufficient notice of facts, sufficient demand, or the amount of attorney's fees incurred for the purpose of satisfying the requirements of Tex. Civ. Prac. & Rem. Code Chapter 38.

**WHEREFORE, PREMISES CONSIDERED**, State Farm respectfully requests the Court sustain State Farm's special exceptions to Plaintiff's Original Petition  State Farm further requests that, upon final trial and hearing hereof, Plaintiff takes nothing and that State Farm recovers its costs, fees, and expenses.  State Farm additionally prays for such other further relief to which State Farm may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,
**GERMER PLLC**

By:_____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com – Email

**ATTORNEY FOR DEFENDANT**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on August 19, 2015.

Bill L. Voss                                        **VIA E-SERVICE**
bill.voss@vosslawfirm.com
Scott G. Hunziker
scott@vosslawfirm.com
Clayton Hardin
clayton@vosslawfirm.com
THE VOSS LAW FIRM, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380


_____
**DALE M. "RETT" HOLIDY**

[Print this page](#)

# Case # 201539079 - DEBERRY, DORIS v STATE FARM LLOYDS

**Case Information**

| | |
|---|---|
| Location | Harris County - 334th Civil District Court |
| Date Filed | 08/19/2015 12:08:57 PM |
| Case Number | 201539079 |
| Case Description | DEBERRY, DORIS v STATE FARM LLOYDS |
| Assigned to Judge | |
| Attorney | Rett Holidy |
| Firm Name | Germer PLLC |
| Filed By | Erika Lopez |
| Filer Type | Attorney |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.06 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $2.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $2.06 |

**Payment**

| | |
|---|---|
| Account Name | File & ServeXpress Monthly Bill |
| Transaction Amount | $2.06 |
| Transaction Response | Approved |
| Transaction ID | 10757219 |
| Order # | 006560660-0 |

---

**Answer/ Response / Waiver**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Answer/ Response / Waiver |
| Filing Description | Defendant's Original Answer and Special Exceptions |
| Reference Number | 88677 |
| Comments | |
| Status | Accepted |

Accepted Date                          08/19/2015 01:34:56 PM

**Fees**

Court Fee                              $0.00

Service Fee                            $0.00

**Documents**

*Lead Document*        DEBERRY -SF Answer.pdf        [Original]   [Transmitted]

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Bill L. Voss bill.voss@vosslawfirm.com | | EServe | Sent | Yes | Not Opened |
| Scott Hunziker scott@vosslawfirm.com | Schell Cooley LLP-Addison | EServe | Sent | Yes | Not Opened |
| Clayton Hardin clayton@vosslawfirm.com | Tollefson Bradley Mitchell & Melendi, LLP | EServe | Sent | Yes | 08/19/2015 12:11:48 PM |

**HCDistrictclerk.com**          DEBERRY, DORIS vs. STATE FARM LLOYDS          8/24/2015
                                  Cause: 201539079      CDI: 7     Court: 334

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 66728008 | DOCKET CONTROL ORDER | | 08/21/2015 | 4 |
| 66682489 | DEFENDANTS ORIGINAL ANSWER AND SPECIAL EXCEPTIONS | | 08/19/2015 | 11 |
| 66646472 | CITATION | | 08/17/2015 | 3 |
| 66126577 | PLAINTIFF'S ORIGINAL PETITON | | 07/08/2015 | 19 |
| -> 66126578 | Case Information Sheet | | 07/08/2015 | 1 |
| -> 66126579 | Clerk Letter | | 07/08/2015 | 1 |